UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| INDIANA STATE COUNCIL OF ROOFERS ) | |
| HEALTH AND WELFARE FUND, ) | |
| ) | No. 3:06 CV 722 PS |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| EMBRY'S ROOFING, INC, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is Plaintiff's Motion for Default Judgment against Defendant Embry's Roofing, Inc.  [Docket No. 8.]  Because Defendant has failed to respond to the Complaint, Plaintiff's Motion for Default Judgment is **GRANTED**.

## I. BACKGROUND

Plaintiff filed the complaint in this matter on October 19, 2006.  [Docket No. 1.]  Service of the summons and complaint was made by certified mail and received on October 25, 2006.  [Docket No. 5.]  Defendant failed to appear, plead, or otherwise defend the lawsuit.  Accordingly, Plaintiff filed a motion for entry of default on November 28, 2006 [Docket No. 6], which the clerk of the court entered on December 4, 2006 [Docket No. 7].  Plaintiff's Motion for Default Judgment [Docket No. 8] is now before the Court.

The Indiana State Council of Roofers Health and Welfare Fund (the "Fund") asserts that it is an employee welfare benefit plan within the meaning of ERISA.  (Compl. ¶ 5.)  It alleges that Embry's Roofing is a signatory to a collective bargaining agreement with Tri-State Roofing & Waterproofing Contractors Association, Inc. and United Union of Roofers, Waterproofers, and Allied Workers Association Local Union No. 106.  (Compl. at ¶ 5; Compl. Ex. A.)  Under this

agreement, Embry's is required to make monthly contributions to the Fund for all hours worked by the employees covered under the agreement. (*Id.*) Plaintiff alleges that Embry's violated ERISA by failing to properly make the monthly payments due the Fund from the period of July 2006 through September 2006. *See* 29 U.S.C. § 1145 ("Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."). The unpaid contributions total $18,548.83. Plaintiff also seeks interest of $795.02, attorney fees of $337.84, and the filing fee of $350 that it incurred in bringing this action, bringing its total demand to $20,031.69.

## II.  DISCUSSION

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. Prior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a). *See Hill v. Barbour,* 787 F. Supp. 146, 148 n.4 (N.D. Ill. 1992). Under Rule 55(a), the clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend. Fed. R. Civ. P. 55(a). "This entry is recognition of the fact that a party is in default for a failure to comply with the rules." *See Hill*, 787 F. Supp. at 148 n.4 (citing 6 Moore *et al.*, Moore's Federal Practice ¶ 55.03 (2d ed. 1985)). Because the clerk has already entered default against Defendant in this case, this Court may now enter a default judgment under Rule 55(b)(2).

Courts may consider a number of factors when deciding a motion for default judgment. These factors include the amount of money potentially involved, whether material issues of fact

or issues of substantial public importance are at issue, whether the default is largely technical, whether plaintiff has been substantially prejudiced by the delay involved, and whether the grounds for default are clearly established or are in doubt.  10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil* § 2685 (3d ed. 1998); *see also American Nat'l Bank & Trust Co. of Chicago v. Alps Elec. Co., Ltd.*, No. 99 C 6990, 2002 WL 484845, at *1 (N.D. Ill. Mar. 29, 2002) (citation omitted).

In this case, there are few material issues of fact, and the grounds for default are clearly established.  Although the case has only been pending since October, Defendant has shown no intention to respond to the Complaint in the several months since it was served.  Therefore, the default is not simply a technicality.  Moreover, Plaintiff seeks a relatively small amount of money, and the lawsuit implicates no issues of public importance.  Thus, all of the factors weigh in favor of default judgment.

When a court determines that the defendant is in default, all well-pleaded allegations of the complaint will be taken as true.  *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1404 (7th Cir. 1993) (citations omitted); *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994).  Here, this means that the Court must take as true Plaintiff's assertion that Embry's Roofing is liable to the Fund for delinquent contributions.

"Although upon default the factual allegations of a complaint relating to liability are taken as true, those allegations relating to the amount of damages suffered are ordinarily not." *Dundee Cement Co. v. Howard Pipe & Concrete Prods. Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (citations omitted).  Though Fed. R. Civ. P. 55(b)(2) provides that a court may hold a hearing or conduct an investigation if necessary to determine the amount of damages, no such

3

inquiry is necessary if "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Id.*; *see also Pope v. United States*, 323 U.S. 1, 12 (1944) ("It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly.") (citations omitted).

When a benefit plan wins a judgment to enforce payment of delinquent contributions it is entitled to:

> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of –
>
>> (i) interest on the unpaid contributions, or
>>
>> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of the action to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

In support of the Fund's claims for delinquent contributions, Plaintiff submits the affidavit of Ellen Densborn, an employee of the Fund who is responsible for determining employee delinquencies. (Densborn Aff. ¶ 6.) Densborn avers that the Fund is owed $18,548.83 in delinquent contributions and $795.02 in interest. (*Id*. at 8.) She also states that the Fund incurred a filing fee of $350 and attorney's fees of $337.84 in mounting this lawsuit. (*Id*. at 9-

4

10.)  An affidavit and accompanying documentation from Fund attorney Joseph Simeri, reflects that his hourly rate is $200, which the Court finds reasonable.  (Simeri Aff. Ex. A.)

Plaintiff is owed the full amount sought, and then some.  29 U.S.C. § 1132(g)(2) is a mandatory provision requiring the employer to pay unpaid contributions, interest, liquidated damages, and attorney's fees.  29 U.S.C. § 1132(g)(2) ("In any action . . . in which a judgment in favor of the plan is awarded, the court *shall* award the plan . . . ." (emphasis added)).  Although Plaintiff is entitled to the contributions, interest, fees and costs enumerated in its motion for default judgment, its complaint also demanded liquidated damages, and it is entitled to them.  *Cent. States, Se. and Sw. Areas Pens. Fund v. Gerber Truck Serv., Inc.*, 870 F.2d 1148, 1156 (7th Cir. 1989) ("Awards of liquidated damages are 'mandatory in an action in which judgment in favor of the plan is awarded.'" (quoting *Gilles v. Burton Constr. Co.*, 736 F.2d 1142, 1144 (7th Cir. 1984))).  These damages are to be imposed as "provided for under the plan in an amount not in excess of 20 percent" of the unpaid contributions.  29 U.S.C. § 1132(g)(2)(C).  The collective bargaining agreement attached to the complaint states that "[l]iquidated damages in the sum of 10 percent shall be due and payable on the 15th day of the month . . . ."  (Compl. Ex. A at 33.)  Therefore, Plaintiff is entitled to liquidated damages in the amount of ten percent of the unpaid contributions, or $1,854.88.  Adding the liquidated damages to the total amount sought in Plaintiff's motion for default judgment, Defendant owes Plaintiff a total of $21,886.57.

## CONCLUSION

The Court, being duly advised, **GRANTS** the Motion for Default Judgment [Docket No. 8].  Defendant Embry's Roofing Inc. is **ORDERED** to pay Plaintiff $21,886.57 in delinquent contributions, interest, liquidated damages, attorney's fees, and costs.  The Clerk is directed to

enter **FINAL JUDGMENT** stating that Plaintiff is entitled to the relief ordered herein.  The Clerk is further directed to treat this matter as **TERMINATED**.

     **SO ORDERED.**

   ENTERED:  March 16, 2007

                                                 s/ Philip P. Simon  
                                                 PHILIP P. SIMON, JUDGE  
                                                 UNITED STATES DISTRICT COURT